UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DISPLAY TECHNOLOGIES, LLC,

                    *Plaintiff*,

        v.                                          Civil Action No. 1:15-cv-1633

C&A IP HOLDINGS, LLC,                               **JURY TRIAL DEMANDED**

                    *Defendant*.

---

**DEFENDANT C&A IP HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIMS**

        Defendant and Counterclaim-Plaintiff C&A IP Holdings, LLC ("C&A"), through its

counsel, hereby responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff

and Counterclaim-Defendant Display Technologies, LLC ("Display Technologies") as follows:

## PARTIES

        1.      C&A is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

        2.      C&A admits that it is a company organized under the laws of Delaware and that its

principal place of business is 2 Bergen Turnpike, Ridgefield Park, NJ 07660. C&A also admits

that it may be served through Allstate Corporate Services Corp., 1679 S. Dupont Hwy. Ste. 100,

Dover, DE 19901. C&A denies any remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

        3.      C&A admits that the Complaint purports to allege an action arising under the patent

laws of the United States and that this Court has subject matter jurisdiction over actions arising

under the patent laws of the United States. C&A denies the merits of Display Technologies'

claims against C&A and denies any remaining allegations of paragraph 3 of the Complaint.

4.      C&A denies the allegations of paragraph 4 of the Complaint and specifically denies

that it has committed any acts of infringement.

5.      C&A denies the allegations of paragraph 5 of the Complaint and specifically denies

that it has committed any acts of infringement.

## U.S. PATENT NO. 8,671,195

6.      C&A admits that Patent No. 8,671,195 ("'195 patent") is entitled "Digital Media

Communications Protocol" and that the '195 patent issued on March 11, 2014. C&A also admits

that a copy of the '195 patent was attached to the Complaint as Exhibit A. C&A is without

knowledge or information sufficient to form a belief as to the truth of any remaining allegations

contained in paragraph 6 of the Complaint and, therefore, denies them.

7.      C&A admits that Mr. Leigh M. Rothschild is listed as the inventor on the face of the

'195 patent.

8.      C&A is without knowledge or information sufficient to form a belief as to the truth of

of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,671,195)

9.      C&A denies the allegations of paragraph 9 of the Complaint and specifically denies

that it has committed any acts of infringement.

10.     C&A denies the allegations of paragraph 10 of the Complaint and specifically denies

that the Polaroid XS100i Wi-Fi Waterproof Action Camera and the XS100i File app fall within

the scope of any valid claims of the '195 patent.

11.     C&A denies the allegations of paragraph 11 of the Complaint and specifically denies that it has committed any acts of infringement.

12.     C&A denies the allegations of paragraph 12 of the Complaint and specifically denies that it has committed any acts of infringement.

## PRAYER FOR RELIEF

C&A denies that Display Technologies is entitled to any of the relief sought in its Prayer for Relief against C&A. Display Technologies' prayer should be denied in its entirety and with prejudice. C&A asks that judgment be entered for C&A and that this action be found an exceptional case under 35 U.S.C. § 285 entitling C&A to an award of attorneys' fees in defending this case against Display Technologies, together with such other and further relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

The Complaint does not contain any allegations to admit or deny with respect to Display Technologies' request for trial by jury of any issues triable by right.  C&A demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

C&A alleges and asserts the following defenses, affirmative and otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, C&A specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CLAIM**

The Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the '195 patent is not directed to patent-eligible subject matter and/or the Complaint fails to assert a cognizable claim for inducement of infringement of the '195 patent.

**SECOND AFFIRMATIVE DEFENSE**
**NON-INFRINGEMENT**

C&A does not infringe and has not infringed any valid claim of the '195 patent.

**THIRD AFFIRMATIVE DEFENSE**
**INVALIDITY**

The claims of the '195 patent are invalid under 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**
**BAR TO DAMAGES**

Display Technologies' claims for damages are barred, in whole or in part, under 35 U.S.C. §§ 287 and/or 288.

**FIFTH AFFIRMATIVE DEFENSE**
**LICENSE**

Display Technologies' claims for patent infringement are barred, in whole or in part, to the extent that any allegedly infringing products or components thereof are made, used, sold, offered for sale or imported into the United States pursuant to a license to the '195 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**NO INJUNCTIVE RELIEF**

Display Technologies is not entitled to any injunctive relief because, at a minimum, any injury to Display Technologies is neither immediate nor irreparable, and Display Technologies has an adequate remedy at law.

## RESERVATION OF DEFENSES

C&A reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the patent laws, and any other defenses available at law or in equity that now exist or in the future may be available based on discovery or any factual investigation concerning this action.

## COUNTERCLAIMS

C&A IP Holdings, LLC ("C&A"), through its counsel, asserts the following counterclaims against Counterclaim-Defendant Display Technologies, LLC ("Display Technologies"):

## PARTIES

1.      C&A is a Delaware corporation with a place of business in Ridgefield Park, New Jersey.

2.      Upon information and belief, Display Technologies is a Texas limited liability company with its principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093. Display Technologies purports to be the owner by assignment of U.S. Patent No 8,671,195.

## JURISDICTION AND VENUE

3.      This is a claim for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,671,195 ("'195 patent").

4.      This Court has jurisdiction over C&A's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a). An actual, substantial, and continuing justiciable controversy exists between C&A and Display Technologies based on Display Technologies having filed a Complaint for Patent Infringement against C&A alleging infringement of the '195 patent, with respect to which C&A requires declaration of its rights by this Court. Specifically, this controversy concerns the invalidity and non-infringement of the '195 patent and the right of Display Technologies to maintain suit for alleged infringement of the '195 patent.

5.      This Court has personal jurisdiction over Display Technologies because, *inter alia*, Display Technologies has submitted to the personal jurisdiction of this Court by bringing the present action.

6.      Venue is proper in this Court only to the extent it is proper for Display Technologies' claims against C&A.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE '195 PATENT

7.      C&A restates and incorporates by reference each and every allegation contained in paragraphs 1-6 above as if fully set forth herein.

8.      C&A does not infringe and has not infringed any valid claim of the '195 patent.

9.      An actual controversy exists between C&A and Display Technologies based on Display Technologies having filed its Complaint against C&A alleging infringement of the '195 patent.

10.     C&A has been injured and damaged by Display Technologies filing its Complaint asserting a patent that C&A does not infringe.

11.     C&A therefore seeks a declaration that it does not infringe and has not infringed any valid claim of the '195 patent.

12.     This is an exceptional case entitling C&A to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT II
## DECLARATION OF INVALIDITY OF THE '195 PATENT

13.     C&A restates and incorporates by reference each and every allegation contained in paragraphs 1-6 above as if fully set forth herein.

14.     The claims of the '195 patent are invalid under 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.   An actual controversy exists between C&A and Display Technologies based on Display Technologies having filed its Complaint against C&A alleging infringement of the '195 patent.

16.   C&A has been injured and damaged by Display Technologies filing its Complaint asserting a patent that is invalid.

17.   C&A therefore seeks a declaration that the '195 patent is invalid for failing to comply with one or more of the requirements set forth in 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.   This is an exceptional case entitling C&A to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

19.   C&A demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, C&A respectfully requests that his Court enter:

20.   A judgment in favor of C&A denying Display Technologies all relief requested in its Complaint and dismissing Display Technologies' Complaint with prejudice;

21.   A judgment in favor of C&A on all of its Counterclaims;

22.   A declaration that C&A has not infringed and does not infringe any valid claim of the '195 patent;

23.   A declaration that the '195 patent is invalid;

24.   A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to C&A of its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees; and

25.   Such other and further relief as this Court deems just and proper.

Dated:  December 15, 2015                          Respectfully submitted,


/s/ Russell E. Levine, P.C.
Russell E. Levine, P.C.
(Illinois State Bar No. 6193834)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
russell.levine@kirkland.com

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(a)(3) on December 15, 2015.


/s/ Russell E. Levine, P.C.
Russell E. Levine, P.C.